IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL W. WATKINS, | ) | CIV. NO. 15-00147 JMS-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT GARY M. CAPPA'S MOTION TO |
| vs. | ) ) ) | DISMISS VERIFIED COMPLAINT FILED APRIL 24, 2015, DOC. NO. 22, |
| CONSOLIDATED ENGINEERING LABORATORIES INC.; GARY M. CAPPA, individually and in his official capacity as CEO of Consolidated Engineering Laboratories Inc.; GEORGE I. ATTA, individually and in his official capacity as Director of Planning and Permitting, | ) ) ) ) ) ) ) ) ) ) | WITH LEAVE FOR PLAINTIFF TO AMEND |
| Defendants. | ) ) | |

## ORDER GRANTING DEFENDANT GARY M. CAPPA'S MOTION TO DISMISS VERIFIED COMPLAINT FILED APRIL 24, 2015, DOC. NO. 22, WITH LEAVE FOR PLAINTIFF TO AMEND

### I. INTRODUCTION

Plaintiff Michael W. Watkins ("Plaintiff") brings this action against Defendants Consolidated Engineering Laboratories Inc. ("Consolidated"); Gary M. Cappa ("Cappa"), individually and in his official capacity as CEO of Consolidated, and George I. Atta ("Atta"), individually and in his official capacity as Director of Planning and Permitting of the City and County of Honolulu.

Plaintiff's allegations stem from his termination from Consolidated and Atta's alleged failure to follow federal and state building codes.

Currently before the court is Cappa's Motion to Dismiss, arguing that the court lacks subject matter jurisdiction. In response, Plaintiff seeks to amend his Complaint. Based on the following, the court GRANTS Cappa's Motion to Dismiss, with leave for Plaintiff to file an Amended Complaint.

## II. BACKGROUND

A.  **Factual Background**

Although the April 24, 2015 Complaint lacks some key details necessary to fully understand the allegations, the court discerns the following basic dispute.

Plaintiff entered into an employment agreement with Consolidated for Plaintiff to provide building inspections in Hawaii. Doc. No. 1, Compl. ¶¶ 16, 18. Plaintiff was never given the "code books and other inspections tools to do the job," *id.* ¶ 16, and was told to do "multiple discipline inspection [sic] at the same time in violation of the Building code." *Id.* ¶¶ 15, 16. At one job in particular, the contractor started to pour the deck without having all the rebar and cables in, and Plaintiff missed this fact because he was "covering several disciplines at once." *Id.* ¶ 22. He only discovered this problem after using an industry-standard

stressing sheet, which "make[s] sure that all the cables get stressed and all the elongations get measured and are within the tolerance set by the approved plans." *Id.* Consolidated did not have the programmed Excel spread sheet for this purpose (although it demanded Plaintiff's). *Id.*

After Plaintiff raised these problems with Consolidated, he was removed from his job. *Id.* ¶ 15. Plaintiff asserts that Consolidated breached his employment agreement by failing to keep Plaintiff employed for one year, and refusing to pay Plaintiff full time hours, the housing subsistence, and payment above scale as provided in their agreement. *Id.* ¶¶ 19-21.

The Complaint further asserts that Plaintiff "comes to this court for protection against Consolidated who is trying to cover up the whistleblower." *Id.* ¶ 22. According to the Complaint, "Consolidated sends out persons as inspectors that do not even have the certifications to do the job but are actually doing the inspections that they are not certified for." *Id.* The Complaint asserts that Atta, Director of Planning of the City and County of Honolulu, does not police the inspections -- he does not have a City inspector perform structural inspections, "does not abide by the code where it is required that the engineer put on the plans the required special inspections in detail," and "does not abide by the

code requiring structural observation by the engineer." *Id.* ¶ 23. Plaintiff asserts that these breaches endanger public safety. *Id.* ¶ 25.

The Complaint asserts that the basis of the court's jurisdiction is both federal question and diversity jurisdiction. The Complaint refers to 42 U.S.C. § 1983, 18 U.S.C. § 242, and 28 U.S.C. § 2674, and asserts three causes of action titled "breach of contract, wrongful termination," (2) "torts against public safety," and (3) "mental anguish."

**B.    Procedural Background**

On April 24, 2015, Plaintiff filed his Complaint. On May 26, 2015, Cappa filed a Motion to Dismiss for Lack of Jurisdiction, Doc. No. 22, which was served on Plaintiff by U.S. mail on May 26, 2015. Doc. No. 22-5.[1] This Motion was originally set for hearing on July 27, 2015, Doc. No. 24, making Plaintiff's Opposition due by July 6, 2015. Plaintiff did not file a timely Opposition. On July 20, 2015, the court determined it would decide this Motion without a hearing pursuant to Local Rule 7.2(d). Doc. No. 33. On July 27, 2015, Plaintiff filed a "Motion for Leave to Amend the Complaint and Extension of Time for the Amendment & Motion for Extension of Time to Respond to the Motion to Dismiss

---

[1] On May 20, 2015, Atta filed a Motion to Dismiss pursuant to Rule 12(b)(6). *See* Doc. No. 17. Because the court finds that it lacks jurisdiction, the court does not address this Motion.

4

Filed by Gary M. Cappa."[2]  Doc. No. 35.  Considering all these filings together, the court still finds that a hearing is unnecessary.

## III.  STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation signals omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

---

[2] This filing is untimely.  Plaintiff was informed of his obligation to file a timely Opposition -- both by the court and the Local Rules -- and he simply failed to file one.  Plaintiff was certainly aware of this obligation -- in another case Plaintiff filed in this court, *Quilala et al. v. Sun Power Corporation et al.*, Civ. No. 15-00080 JMS-BMK, several defendants filed a Motion to Dismiss which was also set for hearing on July 27, 2015, and Plaintiff timely filed an Opposition in that case.  If Plaintiff plans on litigating before this court, he must follow its rules.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack such as the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**B.    Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

## IV. **DISCUSSION**

### A. Motion to Dismiss Based on Lack of Subject Matter Jurisdiction

Although the Complaint asserts that the court's jurisdiction is based on both diversity jurisdiction and federal question jurisdiction, Atta argues that the Complaint fails to establish jurisdiction on either of these bases. The court agrees.

#### 1. *Diversity*

The diversity statute, 28 U.S.C. § 1332(a), provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States." For a case to qualify for federal jurisdiction under § 1332, there must be complete diversity of citizenship between the opposing parties -- in other words, all of the plaintiffs must be citizens of different states than all of the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 ... requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single

7

defendant deprives the district court of original diversity jurisdiction over the entire action.").

The Complaint asserts that Plaintiff "is an individual in Waipahu HI on the Island of Oahu," and that Atta "is and at all times material herein has been the Director of Planning and Permitting in the city of Honolulu, HI." Doc. No. 1, Compl. ¶¶ 7, 10. Because it appears that both Plaintiff and Atta are citizens of Hawaii, diversity does not exist.[3] And Plaintiff filed no Opposition explaining how diversity exists in this case. The court therefore finds that Plaintiff has failed to establish a basis for the court's diversity jurisdiction.

2. *Federal Question*

As to federal question jurisdiction, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). The "vast bulk of suits that arise under federal law" are those where "federal law creates the cause of action asserted." *Id.* The second

---

[3] The court notes that Plaintiff did not assert the *citizenship* of each party, as opposed to their location. To the extent a party's location differs from their citizenship, the Complaint does not make such distinction. And in any event, the failure to allege citizenship of a party is fatal to diversity jurisdiction. *See Spagnolo v. Nadic Network Certified Dentists*, 2011 WL 2181759, at *1 (D. Haw. June 3, 2011) (collecting cases).

and "less frequently encountered" category of federal question jurisdiction cases are those asserting state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Further, "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citations omitted).

The Complaint neither asserts any claims that are created by federal law nor otherwise necessarily raises a stated federal issue. Rather, the Complaint asserts an employment contract dispute between Plaintiff and Consolidated, and includes some vague whistleblowing allegations regarding building code

9

compliance, all of which raise state law issues. And although the Complaint refers to 42 U.S.C. § 1983, 18 U.S.C. § 242, and 28 U.S.C. § 2674, the Complaint does not actually include any allegations establishing that these statutes are a basis for Plaintiff's claims.

Specifically, the Complaint includes no allegations supporting a 42 U.S.C. § 1983 claim that Defendants, acting under color of law, somehow deprived Plaintiff of his rights under the constitution or federal law. And although a private employee may be able to assert a deprivation of liberty and/or property interests where a government entity is somehow involved in barring the employee from certain work, *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015) (explaining that "when the government formally debars an individual from certain work or implements broadly preclusive criteria that prevent pursuit of a chosen career, there is a cognizable deprivation of liberty that triggers the procedural guarantees of the Due Process Clause" (citation and quotation marks omitted)); *Mead v. Indep. Ass'n*, 684 F.3d 226, 232 (1st Cir. 2012) (explaining that the liberty right to hold private employment "is implicated only by government interference that is direct and unambiguous"); *Merritt v. Mackey*, 827 F.2d 1368, 1370 (9th Cir. 1987) (determining that an individual may have a protected property interest in private employment when he is deprived of

his employment through government conduct), the Complaint includes no such allegations. Rather, the Complaint's allegations regarding his employment with Consolidated appear to be wholly separate from his allegations regarding Atta.

Further, 18 U.S.C. § 242 and 28 U.S.C. § 2674 are likewise no help to Plaintiff. 18 U.S.C. § 242 is a criminal statute and does not create a private cause of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because the they "are criminal statutes that do not give rise to civil liability"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit). And 28 U.S.C. § 2674, the Federal Tort Claims Act, does not apply -- by its very terms it applies only to tort claims asserted against the United States. *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). Thus, the Complaint fails to establish a basis for federal question jurisdiction.

In sum, the court finds that the Complaint fails to provide a basis for this court's jurisdiction. The court therefore GRANTS Cappa's Motion to Dismiss for lack of jurisdiction.

**B.     Leave to Amend**

Plaintiff asks for leave to file an Amended Complaint to correct the jurisdictional deficiencies.[4]  *See* Doc. No. 35.  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas*, 66 F.3d at 248.  Although Plaintiff does not explain in detail how he will establish the court's jurisdiction, the court cannot say that granting leave to amend would be futile.  As a result, the court grants Plaintiff leave to file an Amended Complaint.

## V.  CONCLUSION

Based on the above, the court GRANTS Defendant Gary M. Cappa's Motion to Dismiss Verified Complaint Filed April 24, 2015, with leave for

///

///

///

///

---

[4] Plaintiff styles his filing as seeking to file an Amended Complaint as well as an Opposition to the Motion to Dismiss.  Because the court grants Cappa's Motion, with leave for Plaintiff to amend, the court DEEMS MOOT the request to file an Opposition to the Motion to Dismiss.

Plaintiff to file an Amended Complaint by August 25, 2015.  Failure to file an Amended Complaint by August 25, 2015 will result in dismissal of this action.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, July 27, 2015.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Watkins v. Consol. Eng'g Labs. Inc. et al.*, Civ. No. 15-00147 JMS-RLP, Order Granting Defendant Gary M. Cappa's Motion to Dismiss Verified Complaint Filed April 24, 2015, Doc. No. 22, with Leave for Plaintiff to Amend